IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DANIEL L. FITZPATRICK,**

       **Plaintiff,**

                CIVIL ACTION
  **vs.**               No. 05-3011-GTV

**LYNN C. MYERS, et al.,**

       **Defendants.**

## ORDER

  This matter is before the court on a civil complaint as later supplemented, filed under 42 U.S.C. 1983 by a prisoner confined in the Johnson County Adult Detention Center in Olathe, Kansas. Plaintiff paid the initial partial filing fee assessed by the court under 28 U.S.C. 1915(b)(1), and is granted leave to proceed in forma pauperis. Plaintiff remains obligated to pay the remainder of the $150.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. 1915(b)(2).

  Because plaintiff is a prisoner, the court is required to screen the complaint and dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. 1915A(a) and (b).

  In this action, plaintiff states he was bitten by a spider while confined in the Johnson County facility, and claims he

developed a serious infection[1] from that bite. Plaintiff indicates he received medical attention and treatment that included a twenty day quarantine requiring the destruction of everything coming out of his cell. He reports swelling in his knee and indicates he now has a brown scar. The defendants named in the complaint are the Johnson County Sheriff and the PHS Administrator at the facility.

To allege a valid claim under 42 U.S.C. 1983, the plaintiff must assert the denial of a right, privilege or immunity secured by federal law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970); Hill v. Ibarra, 954 F.2d 1516, 1520 (10th Cir. 1992).

The "deliberate indifference to serious medical needs of prisoners constitutes the `unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976). However, such "deliberate indifference" must be evidenced by proof that corrections personnel intentionally denied, delayed access to or interfered with prescribed treatment. Id., 429 U.S. at 104-06. *See* Medcalf v. State of Kansas, 626 F.Supp. 1179, 1182 (D.Kan. 1986)(denial of care must be continuing, unsupported by a competent and recognized school of practice, and must equal a denial of needed treatment). A simple difference of opinion between an inmate and prison medical staff regarding treatment or diagnosis does not

---

[1] Plaintiff states a culture was taken that revealed a resistant staph infection identified as MRSA (methicillin-resistant Staphylococcus aureus).

itself state a constitutional violation, but constitutes, at most, a medical malpractice claim which may be cognizable in a state court but not in a federal § 1983 action.  <u>Estelle</u>, 429 U.S. at 106-07; <u>Ledoux v. Davies</u>, 961 F.2d 1536 (10th Cir. 1992). Medical malpractice does not become a constitutional violation just because the victim is a prisoner.  <u>Estelle</u>, 429 U.S. at 106.

Applying these standards to plaintiff's allegations, the court finds no claim of constitutional significance is stated in the complaint.  Although plaintiff sustained an injury while confined in the county facility, he alleges no deliberate indifference by any defendant to a known danger to plaintiff's health and safety.  Nor does he allege inadequate care, harmful delay, or obvious disregard by any defendant concerning plaintiff's need for treatment.  The court thus concludes the complaint should be dismissed as stating no claim for relief under 42 U.S.C. 1983.[2]  <u>See</u> 28 U.S.C. 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a

---

[2]Plaintiff is advised a dismissal under 28 U.S.C. 1915(e)(2)(B)(ii) counts as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

claim on which relief may be granted").

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that the complaint is dismissed as stating no claim for relief.

Copies of this order shall be provided to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas, this 2nd day of May 2005.

/s/ G. T. VanBebber
G. T. VANBEBBER
United States Senior District Judge